HANDLOR v. PERLBERG et al.

(Supreme Court, Appellate Term, First Department. May 4, 1916.)

1. TROVER AND CONVERSION ☞69—ACTIONS—JUDGMENT—POSSESSION OF GOODS.
    In an action for conversion of specific chattels, no judgment for the return of the goods can be rendered.

    [Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 308–313; Dec. Dig. ☞69.]

2. APPEAL AND ERROR ☞1152—REVIEW—CORRECTION OF JUDGMENT.
    A judgment in conversion, erroneously requiring return of the chattels, can be cured by the appellate court, if there is competent evidence of the value of the goods.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4483–4496; Dec. Dig. ☞1152.]

3. TROVER AND CONVERSION ☞25—PARTIES—NATURE OF ACTION.
    Conversion is personal, and cannot be supported against copartners, in the absence of a showing that they both participated in the acts of conversion.

    [Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 173–180; Dec. Dig. ☞25.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by David J. Handlor against Harry Perlberg and Abraham Halpin, copartners doing business under the firm name and style of Perlberg & Halpin. Judgment for plaintiff in part, and he appeals. Reversed, and new trial ordered.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Janover, Frankel & Janover, of New York City (Chester E. Frankel, of New York City, of counsel), for appellant.
Samuel Brand, of New York City, for respondents.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. The complaint alleged that the plaintiff placed in the possession of the defendants a photographic lens for the purpose of being repolished, which work was to be done for the agreed sum of $3; that subsequently plaintiff tendered to defendants said sum of $3, and demanded the return of the lens, which was refused, and damages for its value were alleged to be $55. The answer was a general denial.

Upon the trial the plaintiff testified that he called at defendants' place of business and saw the defendant Halpin; that he showed him the lens, and that Halpin agreed to do the work for the sum of $3; and that he received from Halpin a paper, which was received in evidence. This paper contained the letter head of the defendants, and following the description of the instrument contained these words: "To be repolished, charges $3." This paper was not signed by any one. Plaintiff also testified to a demand upon Halpin, and a refusal by him to deliver the property to plaintiff, unless paid the sum of $5. Halpin admitted handing the above-mentioned paper to plaintiff, but insisted that he loaned plaintiff $3 upon the lens, and had not been paid. Plaintiff testified the value of the lens was $55, and defendant testified it was worth $10 only. Neither qualified as experts upon the value of that kind of property. The court below directed the following judgment to be entered:

"I hereby find and decide that the plaintiff is entitled to the possession of the lens, the value of which I fix at $12, upon payment to the defendant after trial, and the clerk is directed to enter judgment accordingly."

The clerk, however, entered a judgment in the following form:

"Judgment.

"Judgment is rendered in favor of plaintiff for possession lens and against defendant for twelve ($12^{00}/_{100}$) dollars and three ($3^{00}/_{100}$) costs and disbursements as taxed, amounting to fifteen dollars ($15.00).

"Dated October 15, 1915."

[1] The judgment entered by the clerk is the disposition of the case evidently intended to be made by the trial justice. The action being for conversion, however, no judgment for the return of the property could be rendered. "A party whose property has been wrongfully converted is not bound to take the same back. He may abandon it from the moment of its conversion, and sue for its value." People v. Bank of North America, 75 N. Y. 547, at page 564. The judgment is therefore erroneous.

[2] The judgment could undoubtedly be cured upon appeal, if there was any competent evidence of value. In an action for conversion, the judgment may carry the right to imprisonment, and evidence of value should be clear and competent.

[3] Another thing may also be said. The defendants were sued as copartners. There is not the slightest evidence that Perlberg, Halpin's codefendant, had anything whatever to do with the transaction. The action for conversion is personal in its nature, and no judgment of that character could be obtained against the defendant, without showing some joint participation in the cause of action.

However, as under subdivision 2, section 27, Municipal Court Code (Laws 1915, c. 279), no action can be defeated by reason of misjoinder or nonjoinder of parties, this defect, if it is shown to exist upon a new trial, can be remedied.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event.